NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAOLA YARELI GARCIA BARAJAS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-1144 <br><br> Agency No. A205-415-094 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2023**
Pasadena, California

Before: RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

Paola Garcia Barajas, a native and citizen of Mexico, petitions for review of

a Board of Immigration Appeals decision dismissing her appeal from an order of an

immigration judge denying her application for asylum and withholding of removal.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Exercising jurisdiction under 8 U.S.C § 1252, we deny the petition.

1. Substantial evidence supports the agency's finding that Garcia failed to establish past persecution. Persecution is difficult to establish when the noncitizen "never suffered any significant physical violence." *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003); *see also Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (denying petition when "the record did not demonstrate significant physical harm"). As a teenager in Mexico, Garcia witnessed the murder of a neighbor. Neither she nor her family experienced any physical harm as a result. The mere fact that she was a witness to violence is insufficient to compel a finding of past persecution. *See Nagoulko*, 333 F.3d at 1017.

2. Substantial evidence also supports the agency's finding that Garcia failed to establish a well-founded fear of future persecution. First, she presented no evidence that anyone involved in her neighbor's murder is now looking for her. Second, since she has been in the United States, her family in Mexico has not experienced any harm or threats. *See Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). Third, there is no evidence that she will be called as a witness to any criminal proceeding.

3. Given the absence of evidence establishing either past persecution or a well-founded fear of future persecution, we need not decide whether Garcia's proposed

social group is cognizable.  And because Garcia "fails to satisfy the lower standard for asylum," she "necessarily fails to satisfy the more demanding standard for withholding of removal."  *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020).

**PETITION FOR REVIEW DENIED.**